UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
K & S PRODUCE, INC.

                      Case No. 1:20-cv-08786-GHW

          Plaintiff,       **DECLARATION OF TIMOTHY J. FIERST, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

    -against-

                      [Fed.R.Civ.P.55 (b) (2)]

100 BROAD STREET, LLC a/k/a ESSEN FOOD,
ESSEN22 LLC a/k/a ESSEN FOOD, JOHN BYUN,
CHONG WON BYUN, and WILLIAM BYUN
Individually and in any corporate capacity.

                Defendants.
----------------------------------------------------------------- X

    TIMOTHY J. FIERST, an attorney at law duly admitted to practice before the United States District Court for the Southern District of New York hereby declares the following to be true under penalties of perjury pursuant to 28 U.S.C. § 1746:.

    1.    I am the principal attorney of The Fierst Law Group P.C., attorneys for the Plaintiff in this action, K & S Produce, Inc. (the "Plaintiff").

    2.    I respectfully submit this Declaration in support of Plaintiff's motion for a default judgment pursuant to Fed.R.Civ.P. 55(b)2 and Local Rule 55.2(b) against the defendants 100 BOAD STREET, LLC a/k/a ESSEN FOOD ("100 Broad"), ESSEN22 LLC a/k/a ESSEN FOOD ("Essen22"), JOHN BYUN (John Byun"), CHONG WON BYUN ("Chong Won Byun") and WILLIAM BYUN ("William Byun"), individually and in any Corporate Capacity, jointly and severally (K & S, John Byun, Chong Won Byun and William Byun are collectively referred

1

to as the Defendants).Upon information and belief none of the Defendants are an infant or incompetent person, and are not in military service.

3. Subject matter jurisdiction is proper in this District as this case involves the Plaintiff asserting claim against the Defendants under the Perishable Agricultural Commodities Act (PACA") [7 U.S.C. §499e, *et. seq.*].

**FACTUAL BACKGROUND**

4. As shown within the Declaration of Lee Pakulsky dated February 16, 2021, the Authorized Agent of the Plaintiff submitted in support of this motion (the "Lee Declaration"), between on or about December 24, 2018 through and including March 13, 2020, the Plaintiff sold and shipped various perishable agricultural commodities to 100 Broad. Between on or about December 24, 2018 through and including March 5, 2020 the Plaintiff sold and shipped various perishable agricultural commodities to Essen22. *See* ¶10 to the Lee Declaration.

5. In connection with the perishable agricultural commodities, the Plaintiff invoiced the Defendants for the amounts due therefor, setting forth in detail each unpaid sale and indicating a sum certain due and owing by the Defendants in the total amount of $525,715.27, as follos:

> 100 Broad: $198,778.90
> Essen22: $326,936.37

*See Ex. A* to the Lee Declaration.

6. The Defendants failed and refused and continue to fail and refuse to pay Plaintiff for the produce purchased by the Defendants. No part of the past due sum of $525,715.27 has been paid.

7. Therefore, this action was commenced by the filing of a Complaint on October 22, 2020,

and an electronic Summons was issued on October 22, 2020 in order to enforce the trust provision of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499a *et. seq.* A copy of the Complaint is annexed hereto as Exhibit "A."

8. The Summons and Complaint were served upon the Defendants on December 1 2020. A copy of the Affidavits of Service is annexed hereto as Exhibit "B".

9. The Defendants have not answered the Complaint, nor have they appeared in this action to date. Therefore, a Clerk's Certificate of Default for each Defendant was issued on February 8, 2021, copies which are annexed hereto as **Exhibit "C".**

10. Accordingly, the Plaintiff is entitled to Judgment against the defendant 100 Broad in the amount of $198,778.90, and against Essen 22 in the amount of $326,936.37.

11. Additionally, the Plaintiff is entitled to Judgment against the defendants John Byun, Chon Won Byun, and William Byun jointly and severally, in the amount demanded in the Complaint *to wit,* $525,715.27.

12. This sum is fixed and readily ascertainable pursuant to Plaintiff's invoices confirming the sale and shipment of said produce and contained in the Lee Declaration filed simultaneously herewith.

13. I have reviewed all documents relative to the Plaintiff's claim as described herein and as alleged in Plaintiff's Complaint, including invoices. Based on said review, I have confirmed that Plaintiff's invoices contain all language necessary to preserve its PACA trust rights as required by PACA, and therefore, I believe that the Plaintiff fully complied with all requirements 7 U.S.C. §499e, (c) (4) to preserve its PACA trust rights in the principal amount of $525,715.27.

14. I am informed and believe that the Defendants are not infants or incompetent persons or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. (50 App. U.S.C. §520).

15. For the foregoing reasons, and as set forth in Plaintiff's Memorandum of Law, the Plaintiff requests that the Court direct entry of a final judgment by default against the defendant 100 Broad in the amount of $198,778.90 and final judgment by default against the defendant Essen 22 in the amount of $326,936.37.

16. Additionally, for the foregoing reasons, and as set forth in Plaintiff's Memorandum of Law, the Plaintiff requests that Court direct entry of a final judgment by default against the defendants John Byun, Chon Won Byun, and William Byun jointly and severally, in the amount of $525,715.27, all which qualifies for trust protection under the trust provisions of Perishable Agricultural Commodities Act (PACA") [7 U.S.C. §499e, et seq.]

17. Additionally, the Defendants upon information and belief, have remained in business and upon information and belief continue to use what are otherwise PACA trust funds to pay other vendors to the detriment of Plaintiff's rights. The danger remains that the Defendants will continue to dissipate the PACA trust assets in violation of Plaintiff's rights.

18. To That end, in order to protect the Plaintiff's rights in and to the PACA trust assets which are in the Defendants' control, it is respectfully requested that the stay imposed by Fed. R. Civ. P. 62 (a) be vacated and Plaintiff be permitted to immediately execute upon the judgment granted herein.

Executed this 16th day of February 2021.

By:_____
TIMOTHY J. FIERST