UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

K & S PRODUCE, INC.

                    Plaintiff,

-against-

100 BROAD STREET, LLC a/k/a ESSEN FOOD,
ESSEN22 LLC a/k/a ESSEN FOOD, JOHN BYUN,
CHONG WON BYUN, and WILLIAM BYUN
Individually and in any corporate capacity.

                    Defendants.

------------------------------------------------------------X

Case No. 1:20-cv-08786-GHW

**DECLARATION OF LEE
PAKULSKY IN SUPPORT OF
PLAINTIFF'S MOTION FOR
ENTRY OF DEFAULT
JUDGMENT**

**[Fed.R.Civ.P.55 (b) (2)]**

      I Lee Pakulsky, declares as follows:

      1.  I am an authorized Agent of K & S PRODUCE, INC. and during all times mentioned have been employed by plaintiff K & S PRODUCE, INC.

      2.  I am personally familiar with all matters that are subject of this proceeding and the facts set forth in this declaration are within my personal knowledge. If called upon as a witness, I would and could competently testify to all facts stated herein.

      3.  I make this declaration in support of the Plaintiff's request for default judgment against defendants 100 BROAD STREET, LLC a/k/a ESSEN FOOD ("100 Broad"), ESSEN22 LLC a/k/a ESSEN FOOD ("Essen22"), JOHN BYUN (John Byun"), CHONG WON BYUN ("Chong Won Byun") and WILLIAM BYUN ("William Byun"), (the "Defendants").

      4.  The Plaintiff is a beneficiary under the provisions of the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e et seq.]

1

5.   The Plaintiff is in the business of buying and selling perishable agricultural commodities in, and in contemplation of, interstate and foreign commerce.

6.   During all times mentioned herein, Plaintiff maintained, and presently maintains, a PACA license.

7.   As an Authorized Agent of K & S PRODUCE, INC., my responsibilities include monitoring sales of perishable agricultural commodities, including those sales that are the subject of this dispute, and overseeing collection of its accounts receivable for such sales.

8.   I have custody and control of the Plaintiff's sales and accounts receivable records as they relate to the Defendants, and I am thoroughly familiar with the manner in which those records are compiled.

9.   The Plaintiff's sales and accounts receivable records, including invoices and billing statements are made in the ordinary course of business and are made at or near the time of the occurrence of the event.

10.  Between on or about December 24, 2018 through and including March 5, 2020 the Plaintiff sold and shipped perishable agricultural commodities to 100 Broad, at the defendant's request, in a series of transaction for which the defendant, at the defendant's request, for which the Defendants agreed to pay an amount totaling at least $198,778.90.  True and correct copies of Plaintiff's invoices confirming these sales to the defendant 100 Broad are attached  as "Exhibit "A" to the Fierst declaration.

11. Between on or about December 24, 2018 through and including March 5, 2020 the Plaintiff sold and shipped perishable agricultural commodities to Essen 22, at the defendant's request, in a series of transaction for which the defendant, at the defendant's request, for which the defendant agreed to pay in amount totaling at least $326,936.37.  True and correct copies of

2

Plaintiff's invoices confirming these sales to the defendant Essen 22 are attached  as "Exhibit "B" to the Fierst Declaration.

12. It is also my responsibility to make certain that for Plaintiff complies with all requirements necessary to preserve its trust rights under PACA for all unpaid shipments of produce, including the shipments which are subject to this dispute. In compliance with all statutory filing requirements, I made certain that each invoice set forth on its face the following language necessary to preserve the Plaintiff's PACA trust benefits:

> "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

*"See again* Exhibit "A "and "B" that the confirms that above-quoted language appears on the face of each of Plaintiff's invoices sent to the Defendants concerning the transaction that are subject of this dispute. For these reasons, I believe that Plaintiff has taken all steps necessary to preserve its PACA trust rights for the full balance due from the Defendants.

13. The produce that is described on the invoices annexed as Exhibit "A" and "B" to the Complaint, Exhibit "A" to the Fierst Declaration was shipped to the Defendants in contemplation of foreign and/or interstate commerce between the State of New York and, among others, and was accepted by the Defendants without objection. As of the date of this declaration no payment has been received.

14. For each of these reasons, as well as for the reasons set forth in all documents

3

contained in the Court's file in this action, and Plaintiff's Memorandum of Law, I am requesting that judgment to be entered in favor of the Plaintiff and against the defendants 100 Broad in the amount of $198,778.90 and against Essen 22 in the amount of $326,936.37.

15. For each of these reasons, as well as for the reasons set forth in all documents contained in the Court's file in this action, and Plaintiff's Memorandum of Law, I am requesting that judgment to be entered in favor of the Plaintiff against the defendants John Byun, Chon Won Byun, and William Byun jointly and severally, in the amount of $525,715.27 as demanded in the Complaint.

I declare that under penalty of perjury under the laws of the United States of America that forgoing is true and correct based on my personal knowledge.

Date: February 16, 2021

Lee Pakulsky.