THE FIERST LAW GROUP, P.C.
Timothy J. Fierst (tf:3247)
*Counsel for Plaintiff K & S PRODUCE, INC.*
462 Sagamore Avenue, Suite 2
East Williston, New York 11596
516.586.4221

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
K & S PRODUCE, INC.

                Case No. 1:20-cv-08786-GHW

       Plaintiff,

 -against-

100 BROAD STREET, LLC a/k/a ESSEN FOOD,
ESSEN22 LLC a/k/a ESSEN FOOD, JOHN BYUN,
CHONG WON BYUN, and WILLIAM BYUN
Individually and in any corporate capacity.

       Defendants.
------------------------------------------------------------------ X

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST 100 BROAD STREET, LLC a/k/a ESSEN FOOD, ESSEN22 LLC a/k/a ESSEN FOOD, JOHN BYUN, CHONG WON BYUN, and WILLIAM BYUN

  Plaintiff, K & S PRODUCE, INC. ("K & S" or "Plaintiff"), by its attorneys, The Fierst Law Group, P.C., respectfully submits this Memorandum of Law in support if its motion for entry of a default judgment against the defendants 100 BROAD STREET, LLC a/k/a ESSEN FOOD ("100 Broad"), ESSEN22 LLC a/k/a ESSEN FOOD ("Essen22"), JOHN BYUN (John Byun"), CHONG WON BYUN ("Chong Won Byun") and WILLIAM BYUN ("William Byun"), jointly and severally (collectively, the "Defendants").

### INTRODUCTION

  This is an action arising under the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. §§499a-499q ("PACA"). K & S is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce and operates its business under a valid USDA issued PACA license. The complaint filed by

1

Plaintiff in this action sets forth causes of action against the Defendants arising out of their failure to pay Plaintiff for produce sold to them by Plaintiff. As alleged in the Complaint, John Byun, Chong Won Byun and William Byun are the principals of the 100 Broad and Essen 22 ( collectively the Company") and controlled the PACA assets of the Company during all time relevant to this action. A copy of the Complaint is annexed as Exhibit A to the Declaration of Timothy J. Fierst, Esq., submitted in support of Plaintiff's Motion (the "Fierst Decl.").

From on or about December 24, 2018 through and including March 13, 2020, K & S sold to Defendants various lots of Produce worth a total of $525,715.27, divided as follows:

100 Broad Street- $198,778.90

Essen22-$326,936.37.

K & S did not receive payment for the Produce which it delivered and is still owed the principal amount of $525,715.27.

The proceeds realized by the Defendants from the sale of the Produce sold to them on credit by Plaintiff constitute trust assets (the "Trust Assets"). The Defendants had a duty to ensure that the Trust Assets were used to pay Plaintiff for the produce it delivered. Defendants failed to pay Plaintiff and are therefore responsible for Plaintiff's losses.

## HISTORY AND SCOPE OF PACA

In 1930, Congress enacted PACA "to suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce." 49 Fed. Reg. 45737. Thus, PACA requires produce dealers to make "full payment promptly" for any produce they purchase. 7 U.S.C. §499(b)(4).

In 1984, PACA was amended to "increase the legal protection for unpaid sellers and suppliers of perishable agricultural commodities until full payment of sums due has been received by them." *See Tanimura & Antle, Inc .v. Packed Fresh Produce, Inc.,* 222 F.3d 132 (3d Cir. 2000); *see also Frio Ice, S.A. v. Sunfruit, Inc.,* 918 F.2d 154, 159 (11th Cir. 1990) ("the central purpose of Section 499e(c) is to ensure payment to trust beneficiaries")

To carry out this intent, Section 499e(c) of PACA imposes a statutory trust on all produce related assets, including the produce itself, other products derived from the produce and any receivables or proceeds from the sale of the produce, held by agricultural merchants, dealers and

brokers (the "PACA Trust"). The PACA Trust must be maintained for the benefit of all unpaid suppliers and sellers of the produce until full payment has been made. 7 U.S.C. §499e(c)(2).

To preserve its trust rights, a supplier of perishable agricultural commodities subject to PACA must provide written notice to the parties it contracts with of its intent to preserve its PACA trust rights. U.S.C. §499e(c)(3).

PACA specifically permits a supplier to preserve its trust rights by including certain language on its "ordinary and usual billing or invoice statements." 7 U.S.C. §499e(c)(4).

## ARGUMENT

**A.** **Plaintiff Entitled to a Default Judgment Against Defendants**

It is well settled that a "Party's default is deemed to constitute a concession of all well pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp*, 973 F.2d 155, 158 (2d Cir. 1992). In this case, the Defendants' default acts as a concession of the facts that: (i) Defendants entered into contracts with K & S whereby K & S was to deliver produce on credit to Defendants; (ii) K & S delivered the Produce to the Defendants; (iii) Defendants accepted the Produce; and (iv) failed to pay K & S for the Produce as referenced within the invoices sent to Defendants by K & S. Moreover, Defendants concede that K & S properly preserved its PACA trust rights by including the required statutory language within its invoices.

The evidence submitted by K & S clearly establishes that K & S is entitled to a default judgment against defendant 100 Broad in the amount of $198,778.90 and Essen22 in the amount of $326,936.37 and Judgment in favor of the Plaintiff against John Byun, Chon Won Byun, and William Byun jointly and severally, in the amount of $525,715.27 as demanded in the Complaint, plus interest at the New York statutory rate of 9% per annum.

K & S preserved its PACA Trust rights by including the following statement on each of its invoices:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. §499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivable or proceeds for the same or these commodities until fully payment is received.

3

*See* invoices attached as Ex. A to the Complaint.

Pursuant to PACA, 7 U.S.C. §499e(c), at the time of Defendants' receipt of the Produce, Defendants became trustees of a trust under PACA Trust for the benefit of K & S in the amount of $525,715.27. Defendants, by failing to pay to K & S the amounts due pursuant to the invoices, violated PACA. As such, K & S is entitled to a default judgment against Defendant 100 Broad in the amount of $198,778.90 and Essen22 in the amount of $326,936.37 and against John Byun, Chon Won Byun, and William Byun jointly and severally, in the amount of $525,715.27 plus pre-judgment and post-judgment interest at the rate of 9% per annum.

K & S is entitled to a default judgment against John Byun, Chon Won Byun, and William Byun since it is well settled that a person who is in a position to oversee the proper application of the PACA Trust assets, and who does not preserve the trust assets for the beneficiaries, for whatever reason and however innocent, has breached a fiduciary duty and is personally liable for the tortuous act. *See Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997) ("We agree that individual shareholders, officers, directors of a corporation who are in a position to control PACA trust assets and who breach their fiduciary duty to preserve these assets may be held personally liable under the Act"); *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.*, 217 F.3d 348 (5th Cir. 2000) (an individual in a position to control PACA trust assets is personally liable under PACA regardless of whether he exercised that control); *Reds Market v. Cape Canaveral Cruise Line, Inc.*, 181 F.Supp.2d 1339 (M.D. Fla. 2002) (individual in control of PACA trust assets is liable for failure to preserve trust res without regard whether failure was intentional or whether individual was responsible corporate officer); *Morris Okun, Inc. v. Zimmerman, Inc.*, 814 F.Supp.346 (S.D.N.Y. 1993) ("An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act."). As explained by the Court in *Morris Okun*, "[A] PACA trust in effect imposes liability on a trustee, whether a corporation or controlling person of that corporation, who uses the trust assets for any purpose other than repayment of the supplier." *Id.*

When deciding whether an individual is a controlling person of a corporation courts focus on whether the individual controls day to day operations of the company (*see, e.g., Morris Okun, Inc. v. Zimmerman, Inc.*, 814 F.Supp. at 349) and whether he has signed checks on behalf of the

4

corporation (see, e.g., *R Best Produce, Inc. v. 646 Corp.*, 2002 WL 31453909, *6 (S.D.N.Y. 2002)).

Here, John Byun, Chon Won Byun, and William Byun are the principals of the Company and are in control of the day to day operations of the Company. John Byun, Chon Won Byun, and William Byun ordered Produce from K & S on behalf of the Company. Since John Byun, Chon Won Byun, and William Byun are the principals of the Company and therefore responsible for the activities of the Company, they were responsible for ensuring that the PACA Trust assets were not dissipated and were used instead to pay K & S and John Byun, Chon Won Byun, and William Byun failed to fulfill their duties as trustee and is therefore liable to K & S. None of the Defendants have contested or opposed these facts contained in the Complaint.

### B. K & S is Entitled to an Award of Attorneys' Fees

In the case at bar, Plaintiff is entitled to an award of attorneys' fees pursuant to the terms of the parties' contract as manifested on the fact of the invoices sent to the Defendants by K & S. *See* Ex. A and B to the Complaint, Ex. A to the Fierst Decl.

PACA specifically provides that the trust assets shall be held in trust by the receiver for the benefit of the unpaid beneficiary until payment of all sums owing in connection with the transaction has been received. 7 U.S.C. §499e(c)(2). Since the parties' contract calls for the payment of attorneys' fees these amounts may be considered sums owing in connection with the transaction. *E. Armata, Inc. v. Platinum Funding*, 887 F.Supp.590, 594-595 (E.D.N.Y. 1995). The invoices setting forth the terms of the parties' contract are unequivocally clear that K & S is entitled to collect from Defendants attorneys' fees and costs associates with any legal proceedings brought to enforce K & S 's PACA Trust rights. *See* Ex. A and B to the Complaint, Ex. A to the Fierst Decl. Therefore, Plaintiff should be awarded the attorneys' fees.

### C. An Inquest is Not Required in this Action

While a default judgment constitutes an admission of liability, a quantum of damages remained to be established by proof unless the amount is liquidated or susceptible of mathematical computation. *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974).

In order to ascertain the amount of damages, the court must conduct an inquiry sufficient to establish them to a "reasonable certainty," and documentary evidence can suffice in lieu of an evidentiary hearing. *Pineda v. Masonry Construction, Inc.*, 831 F.Supp.2d 666,675 (S.D.N.Y.

2011). A motion for a default judgment pursuant to Fed.R.Civ.P. 55(b)(2) authorizes a hearing on damages, but a hearing on damages is not required as long as it is ensured that there is a basis provided for the award of the damages. *Action S.Z. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991).

In the case at bar, K & S demands a judgment for a "sum certain," in an amount clearly established by the documentary evidence annexed to the Complaint, as well as in the Declaration of Lee Pakulsky submitted in support of K & S's pending motion for a default judgment (the "Lee Decl.").

There is no issue of fact that would otherwise need to be resolved at a separate inquest hearing on damages; the proof is already before the Court in evidentiary form. *See* the Fierst Decl. and the Lee Decl. and exhibits annexed thereto.

## CONCLUSION

Based upon the foregoing, and the facts stated within the Fierst Decl. and the Lee Decl. and the exhibits annexed thereto, it is respectfully requested that a default judgment issue in favor of K & S and against defendant 100 Broad in the amount of $198,778.90 and Essen 22 in the amount of $326,936.37 and in favor of Plaintiff and against the defendant John Byun, Chon Won Byun, and William Byun jointly and severally, in the amount of $525,715.27, together with pre and post judgment interest at the legal rate of 9 %, plus attorneys' fees and costs of this action.

Dated: February 17, 2021

THE FIERST LAW GROUP, P.C.
*Attorneys for Plaintiff*
By: Timothy J. Fierst
462 Sagamore Avenue, Suite 2
Manhasset, New York 11030
516.586.4221
Tfierst.law@gmail.com